UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00266-JRS-MJD |
| | ) | |
| DEVAN D. EVANS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Devan Evans' Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582, dkt. [69]. Mr. Evans seeks immediate release and the reduction of his sentence to time served based on the "extraordinary and compelling" reasons presented by the COVID-19 pandemic. Dkt. 73. For the reasons explained below, Mr. Evans' motion is **DENIED.**

### I. Background

On October 16, 2019, Defendant Devan Evans pleaded guilty to: Count One of Possession with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) and Count Two of Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1). *See* dkt. 56 at 1-2; dkt. 65. His guilty plea was accepted, and he was sentenced on January 30, 2020. Dkts. 64 and 65.

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. Dkt. 60. The PSR stated that the charges in this case arose after a Marion County Community Corrections officer and an ATF officer made a home visit to Mr. Evans' residence on May 18, 2018. *Id.* at 3. Mr. Evans answered the door but initially told the officers that he had to secure his dog before permitting them entry. *Id.* After obtaining entry, the officers found marijuana residue on a digital

scale in Mr. Evans' kitchen and $17,760.00 dollars in currency divided into three large bundles in the master bathroom. *Id.* at 4. Based upon this evidence, the officers requested and were granted a search warrant. *Id.* Upon execution of the search warrant, the officers found a black bag in Mr. Evans' yard that contained approximately 950 grams of marijuana, methamphetamine pills, liquid codeine, oxycodone pills, and a FN Herstal model 5.7-millimeter handgun, along with various drug dealing paraphernalia. *Id.* The officers obtained a second search warrant to view the video surveillance system in the home, which showed that Mr. Evans had carried the black bag out to his backyard during the time he told the officers that he was securing his dog. *Id.*

The PSR shows that Mr. Evans has prior convictions spanning from 2012 to 2016, including a misdemeanor for receiving stolen property, and felonies for possession of cocaine or narcotic drug, carrying handguns, and resisting law enforcement. *Id.* at 5-7. Mr. Evans' criminal history computation score totals 9, which establishes a criminal history category of IV in the United States Sentencing Guidelines, Chapter 5, Part A table. *Id.* at 8.

At the time of sentencing: Count 1 had a maximum term of imprisonment of 5 years pursuant to 21 U.S.C. § 841(b)(1)(D), and Count 2 had a minimum term of imprisonment of 5 years and a maximum term of life, consecutive to any other term of imprisonment pursuant to 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 13. Regarding Count 1, "[b]ased upon a total offense level of 4 and a criminal history category of IV, the guideline imprisonment range is 2 to 8 months." *Id.* Regarding Count 2, "[t]he guideline term of imprisonment is the minimum required by statute, 60 months." *Id.* Mr. Evans was sentenced to a period of 6 months' incarceration on Count 1 and 60 months on Count 2, to be served consecutively, for a total of 66 months. Dkt. 65 at 2. Upon his release, Mr. Evans is to be placed on supervised release for 3 years for each count, to be served concurrently. *Id.* at 3.

Mr. Evans is 32 years old and is now incarcerated at Federal Medical Center Lexington ("FMC - Lexington") in Fayette County, Kentucky. Mr. Evans has served approximately 24 months of his sentence. Dkt. 75-1. His current release date is projected to be January 23, 2023. *Id.*

Mr. Evans filed his *pro se* motion for compassionate release with this Court on April 30, 2020. Dkt. 69. The Court appointed present counsel to this case effective May 8, 2020. Dkt. 72. Counsel filed a Memorandum in support of Mr. Evans' motion with the Court on April 22, 2020. Dkt. 73. The United States responded on May 29, 2020. Dkt. 75. Mr. Evans replied on June 5, 2020. Dkt. 76. The United States concedes that Mr. Evans has exhausted his administrative remedies. Dkt. 75 at 7. Thus, Mr. Evans' motion is now ripe to proceed on the merits for this Court's ruling.

## II. Discussion

Mr. Evans argues that the Court should order his immediate release because his preexisting medical conditions—including asthma, sickle cell anemia, hypertension, and stage 3 kidney failure—amount to extraordinary and compelling reasons for release as these conditions place Mr. Evans at significant risk if he contracts COVID-19. Dkt. 73 at 1. In addition, Mr. Evans argues that he is not a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. *Id.* In response, the Government argues that Mr. Evans has not established "extraordinary and compelling reasons" to support a sentence reduction and that his release would pose a danger to the community. Dkt. 75.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c),

contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[1] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Evans is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Mr. Evans contends that extraordinary and compelling reasons warrant a sentence reduction in his case, noting that he was born with asthma and sickle cell anemia and has been diagnosed with hypertension and stage 3 kidney disease since being incarcerated. Dkt. 69 at 1. Mr. Evans contends that these are "serious, chronic illnesses for which there is no definitive cure" and,

---

[1] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

as such, he "is at a significant risk of contracting and developing life-threatening complications from an exposure to COVID-19[.]" Dkt. 73 at 1-2. Elsewhere, Mr. Evans also states that, before his incarceration, he was the primary provider for several children. *Id.* at 20. The Court need not decide whether these facts amount to extraordinary and compelling reasons warranting a sentence reduction because it concludes that Mr. Evans is a danger to the community.

The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>> **(2)** the weight of the evidence against the person;
>> **(3)** the history and characteristics of the person, including--
>>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government argues that releasing Mr. Evans poses a danger to the community, and the Court agrees. Notably Magistrate Judge Tim A. Baker applied the § 3142(g) factors just one year ago, on June 26, 2019, and ordered Mr. Evans detained pending trial, finding clear and convincing evidence that Mr. Evans was a danger to the community. Dkt. 48. Judge Baker's reasoning was further explained as follows:

> As set forth more fully on the record, Defendant has five prior felony convictions on ch[a]rges that include drug and firearms offenses. While on release in Marion County, Indiana in 2016 on a handgun offense, Defen[d]ant was charged and convicted for committing another handgun offense. Moreover, the instant offenses allegedly occurred while Defendant was serving a sentence of home detention for carrying a firearm without a license and resisting law enforcement. As a result, the evidence establishes that Defendant continues to accrue charges for gun offenses while on supervision, which clearly and convincingly establishes Defendant is a danger to the community.

*Id.* at 3. Mr. Evans has not presented any evidence that he has been significantly rehabilitated since Judge Baker made this finding.

Moreover, the Court has considered the § 3142(g) factors anew, and it concludes that Mr. Evans is a danger to the community. Though Mr. Evans is "agreeable to extending his term of supervision so he can prove he has accepted a path of rehabilitation and living crime-free and drug-free" and is "agreeable to serving a portion of his supervised release on home confinement," the Court is not convinced these additional restrictions could balance out his history of being a danger to the community, especially in light of his penchant to ignore supervision conditions. Mr. Evans' history shows that while on release and on home detention he continued to commit crimes involving firearms. Mr. Evans has given the Court no reason to believe that he would not return to his criminal activity if released no matter the terms of supervision of any such release.

The Court also recognizes that Mr. Evans has some health issues, but those conditions did not prevent him from committing the crimes of which he was convicted in this case, and the record

does not show that his health has deteriorated significantly since his incarceration. In any event, Mr. Evans' personal characteristics do not convince the Court that he is no longer a danger to the community.  It is this danger to the community that is dispositive here.

Accordingly, pursuant to § 3142(g), the Court finds that Mr. Evans would pose a danger to the community if he were released, even if the Court imposed terms of supervision. Thus, his motion for compassionate release must be denied.

### III. Conclusion

For the reasons stated above, Mr. Evans' Motion for Compassionate Release, dkt. [69], is **DENIED.**

**IT IS SO ORDERED.**

Date: _____6/24/2020_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel